# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| **Keon Shauntel Hill,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:20cv467 (TSE/TCB) |
| | ) | |
| **Richmond Justice Center, et al.,** | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

Keon Shauntel Hill (Hill or Plaintiff), a Virginia inmate proceeding pro se, filed a civil-rights suit under 42 U.S.C. § 1983, alleging several violations of his constitutional rights. [Dkt. No. 1]. The Court reviewed the complaint on July 30, 2020, found that it violated Rules 18 and 20 of the Federal Rules of Civil Procedure, and granted Plaintiff leave to file an amended complaint. [Dkt. No. 6]. On August 19, 2020, Plaintiff filed an amended complaint, which alleged that he was denied adequate medical care at the jail with regard to his asthma and chronic pain care. [Dkt. No. 8]. On December 16, 2020, the Court screened the amended complaint, found it deficient because plaintiff had not provided sufficient details about the alleged constitutional violations, and directed Plaintiff to file an amended complaint detailing "how, when, and where he was injured; when and where he has experienced pain from his injuries; to whom and when he reported his symptoms; and officials' reactions to learning that information-that is to say, whether and how those officials offered plaintiff any treatment." [Dkt. No. 13 at 4-5]. On January 27, 2021, Plaintiff filed his second amended complaint. Because Plaintiff is a prisoner, the Court must screen his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. See 28 U.S.C. § 1915A.

I.

Plaintiff's second amended complaint names seven defendants and seven Jane Doe nurse defendants. [Dkt. No. 13 at 1, 4-5]. The seven named defendants are: Nurse Andrews, R.N.; Nurse Smith; Major Hunt; Sheriff Irving; Dr. Noble; Richmond Justice Center; and Mediko, Inc. Plaintiff identifies two major claims. The first alleges he was denied a bottom bunk referral by Nurse Andrews and an unknown doctor. The second alleges that medications provided to him at the jail were not the same as his primary care physician ("PCP") prescribed prior to his arrest on January 2, 2020.

*A. Bottom Bunk Referral.*

Plaintiff alleges that on January 12, 2020, he attempted to jump five feet from a table to a bunk and was injured. On January 13, 2020, Plaintiff was told by an unnamed Correctional Officer that he could not be placed on a bottom bunk. [Id. 7, 9]. Plaintiff was reassigned to a different cell and "did not have to jump for two weeks." [Id. at 9].

Plaintiff was seen on January 13, 2020, by Nurse Andrews and an unknown doctor and complained of back and leg pain. They refused to designate him to be housed on a bottom bunk. Plaintiff complained of back and leg pains again on February 2, 2020, and was seen again on February 4, 2020. Plaintiff was denied a bottom bunk referral because he did not meet the criteria but was told he could get a referral for "Two weeks." [Id. at 7]. Plaintiff was told by Nurse Andrews and Major Hunt on March 25, 2020 that Plaintiff "couldn't get no bottom bunk again." Major Hunt ensured Plaintiff he would clarify the matter with medical, but Plaintiff still has no bottom bunk referral and is in pain. [Id. at 7-8].

Plaintiff states he complained about not being assigned a bottom bunk on March 11, 2020; and April 17, 2020. [Id. at 10, 13].

*B. Medications*

Plaintiff was arrested on January 2, 2020, but was not screened for medical conditions until two weeks later. [Id. at 9]. Nurses Andrews and Smith verified Plaintiff's medical records from his PCP on January 13, 2020.

Plaintiff had breathing problems on February 5, 2020 and unknown persons verified his "meds and back problems" with Plaintiff's PCP. On March 15, 2020 and March 25, 2020, Plaintiff alleges he spoke with the Sheriff via tablet and that the staff told him he did not qualify for back pain medications and a steroid inhaler. [Id. at 8].[1]

Plaintiff complained about his mental health, pain, and asthma inhaler and was seen by Ms. Lightfoot. She determined he had never been assessed by the medical department. Plaintiff's PCP contacted Dr. Noble, but Plaintiff was denied a second steroid inhaler for his lungs and nerve pain medication for his spine. On February 27, 2020, Plaintiff was given Motrin which "only lasted for a week." Plaintiff states he was provided with a "rescue inhaler," and that he has used it twice per day. [Id. at 10].

Plaintiff states he complained about his medications on January 12, 2020; February 1, 2020; February 4, 2020; February 14, 2020; February 19, 2020; February 23, 2020; March 11, 2020; March 15, 2020; March 16, 2020; March 31, 2020' April 3, 2020; and April 16, 2020. [Id. at 10, 13]. Despite the Court's direction in its December 16, 2020 Order, Plaintiff provides no specifics or documents related to the dates he states he complained about his medications.

**II.**

Pursuant to 28 U.S.C. § 1915A(b)(1), a complaint that is frivolous, malicious, or fails to

---

[1] In the original complaint, Plaintiff alleges when he approached Sheriff Irving, she referred him to Major Hunt who Plaintiff alleged blew him "off again." [Dkt. No. 1 at 6].

3

state a claim upon which relief can be granted must be dismissed.[2] Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). That is, the alleged facts are presumed true, and the complaint should be dismissed when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. With that said, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, Id. at 678, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level…" Twombly, 550 U.S. at 55.

  *A. Personal Involvement*

  In a § 1983 complaint, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged

---

[2] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). As Plaintiff was instructed in the December 16, 2020 Order, each named defendant in a § 1983 complaint must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. De'Lonta v. Fulmore, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010).

Plaintiff was further advised in the December 16, 2020 Order that to state an Eighth Amendment claim relating to inadequate medical care in prison requires that a plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, Plaintiff must allege a sufficiently serious medical need that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); and that the defendant was deliberately indifferent to his serious medical need. Farmer v. Brennan, 511 U.S. 825, 837 (1994). An assertion of mere negligence or even malpractice is not sufficient to state an Eighth Amendment violation. See Estelle, 429 U.S. at 106. Instead, "an official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks, but nevertheless disregarded them." DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). Significantly, a prisoner's disagreement with medical personnel over the course of his treatment is inadequate to state a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Here, despite the explicit directions of the Court in the December 16, 2020 Order, Plaintiff has not connected any defendants to his medical treatment other than Nurse Andrews, Nurse Smith, and Dr. Noble. Although he names Major Hunt and Sheriff Irving, he does not provide any facts to establish that either had anything to do with his medical care or determining whether Plaintiff met the criteria for a bottom bunk referral. Accordingly, the medical

5

indifference claim will against all defendants other that Nurse Andrews, Nurse Smith, and Dr. Noble will be dismissed without prejudice.[3]

*B. Non-medical Defendants*

With regard to Major Hunt and Sheriff Irving, Plaintiff seeks to hold them liable because they did not act after he was found not to qualify for either a bottom bunk referral or when he was denied medications. [Dkt. No. 13 at 7-8]. In essence, Plaintiff alleges that defendants Hunt and Irving are liable because they relied upon the judgment of the medical personnel that had denied Plaintiff a bottom bunk referral because he did not meet the criteria and denied Plaintiff certain medications for which the medical personnel had determined Plaintiff did not qualify. To establish a claim for denial of medical care against non-medical personnel, an inmate must show that the non-medical personnel failed promptly to provide needed medical treatment, deliberately interfered with a jail's medical personnel's treatment, or tacitly authorized or were indifferent to the jail personnel's misconduct. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Plaintiff has not alleged that either Hunt or Irving interfered with his treatment by the jail's medical personnel, or that either tacitly authorized or were indifferent to any alleged jail personnel's misconduct. Non-medical jail officials, such as Hunt and Irving, are entitled to rely on the opinions, judgment, and expertise of medical personnel concerning the inmate's diagnosis and course of treatment. Id. Accordingly, Major Hunt and Sheriff Irving will be dismissed as defendants herein.

*C. Medical Personnel Defendants*

Turning to the medical personnel, Plaintiff's complaint regarding his asthma inhaler is premised on the fact that his PCP allegedly prescribed two inhalers for him, whereas at the jail they only prescribed him one inhaler. Plaintiff's disagreement with medical personnel over the

---

[3] Plaintiff listed seven Jane Doe nurses in his second amended complaint, but he has not alleged any facts describing any instance in which any Jane Doe nurse ever denied him medical treatment.

course of his treatment is inadequate to state a constitutional cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); see also United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011). In addition, Plaintiff admits that he uses the inhaler he has been provided at least twice each day. [Dkt. No. 13 at 10]. In short, he has been provided medication to treat his asthma, he uses it, and he simply disagrees with the medication regimen that has been prescribed.[4]

Moreover, Plaintiff has not alleged a serious medical condition. Several courts have concluded that "[a]sthmatic conditions by themselves do not state a serious medical need." Martin v. Mathena, Case No. 7:11cv10, 2012 U.S. Dist. LEXIS 2137, *10-11 (W.D. Va. Jan. 9, 2012) (citing cases). See Bates v. Sullivan, 6 F. App'x 425, 428 (7th Cir. 2001) (finding no Eighth Amendment claim when plaintiff alleged only that he was suffering breathing problems when he requested and denied his inhaler and that he suffered shortness of breath and headaches); Stoneman v. Thompson, Case No. 3:03cv716, 2005 U.S. Dist. LEXIS 47841 (E.D. Va. Apr. 19, 2005) (record did not indicate that plaintiff's asthma was a serious condition, plaintiff was provided an inhaler, and seen periodically by medical personnel), aff'd, 142 F. App'x 167 (4th Cir. 2005). The fact that Plaintiff has asthma, alone, does not establish a serious medical condition. See Paschal-Barros v. Balatka, Case No. 2020 U.S. Dist. LEXIS 159644, *12 (D. Conn. Sept. 1, 2020) ("Courts within the Second Circuit have held that the fact that an inmate is asthmatic does not, by definition, constitute a serious medical need.") (collecting cases). Plaintiff has therefore not established the existence of a serious medical condition, id.,

---

[4] It is also of no moment that Plaintiff's former PCP before his arrest prescribed two inhalers instead of one. See Burton v. Downey, 805 F.3d 776, 786 (7th Cir. 2015) ("evidence that another doctor would have followed a different course of treatment is insufficient to sustain a deliberate indifference claim."); Simon v. LeBlanc, 623 F. App'x 276, 277 (5th Cir. 2015) ("[t]he refusal to provide medicine that was prescribed at another facility or by a different doctor does not rise to the level of deliberate indifference."); O'Connor v. McArdle, 217 F. App'x 81, 83 (2d Cir. 2007) (rejecting argument that a prison doctor is necessarily deliberately indifferent if the doctor chooses a different treatment regime than the regime prescribed by the prisoner's former health provider); Thomas v. Coble, 55 Fed. Appx. 748, 749 (6th Cir. 2003) (a difference of medical opinion as to how to treat plaintiff's pain "does not support an Eighth Amendment claim."); McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977) (where a prisoner's private physician recommended a course of treatment for the plaintiff's condition, a prison doctor's use of a different treatment regimen did not amount to deliberate indifference for purposes of an Eighth Amendment claim).

and the fact that he has been seen and provided a medication that controls his condition establishes that he has not been subjected to deliberate indifference.

Plaintiff also complains about being denied a bottom bunk referral. Nurse Andrews and an unnamed doctor informed Plaintiff that he did not meet the criteria for a medical referral for a bottom bunk assignment.[5] The record therefore indicates that the denial was based upon medical judgment. Questions of medical judgment are not subject to judicial review under § 1983, Bridges v. Keller, 519 F. App'x. 786, 787 (4th Cir. 2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)), and negligent diagnosis, inadvertent failure to provide treatment, and medical malpractice do not present constitutional deprivations. Estelle, 429 U.S. at 105-06.

Here, the allegations establish that Plaintiff did not meet the criteria for a bottom bunk referral and that medical personnel periodically evaluated his request for a bottom bunk referral and found he did not meet the criteria. Moreover, Plaintiff was given Motrin for his pain and a two-week referral for a bottom bunk by medical personnel. The allegations show that the medical personnel were not indifferent to Plaintiff and tried to assist him within the limits of the criteria established for providing medications and bottom bunk referrals. Accordingly, Plaintiff's claim in this regard is no more than a disagreement between an inmate and medical personnel regarding a diagnosis or course of treatment and does not implicate the Eighth Amendment. Wright, 766 F.2d at 849. Again, as with the asthma inhaler, Plaintiff simply disagrees with the judgment of the medical professionals overseeing his care.

Plaintiff's final claim regarding pain medication is conclusory in nature. Plaintiff attached a portion of a pleading prepared by his defense counsel in his criminal case in an attempt to

---

[5] In the original complaint, Plaintiff alleged that he hurt his leg jumping up onto a bunk and was seen by medical on February 4, 2020. [Dkt. No. 1 at 5]. February 4, 2020 is the same date Plaintiff alleges in the second amended complaint that he was given a two-week referral for a bottom bunk. [Dkt. No. 13 at 7].

obtain his release from the jail that included his "Medical Health History." [Dkt. No. 13 at 11]. The medical history discusses Plaintiff's asthma but does not mention any back problems or pain.[6] To be sure, the failure of his counsel to mention chronic pain speaks to the conclusory nature of this claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory and vague allegations do not support a cause of action). Indeed, although Plaintiff states in the second amended complaint that he saw medical personnel or complained to them often, Plaintiff has not provided any details with regard to the complaints or interactions with the medical personnel.

Plaintiff had to do more than merely allege the medical personnel were negligent in addressing his complaint of pain, he had to allege that they knew of and disregarded "an excessive risk" to his health. Farmer, 511 U.S. at 837. Plaintiff's allegations fail to establish a serious medical condition as the source of his pain and also fail to demonstrate that the medical personnel refused to treat him, ignored his complaints, or intentionally treated him incorrectly. Domino v. Texas Dep't of Crim. Justice, 239 F.3d 752, 756 (5th Cir. 2001). To the contrary, Plaintiff was seen on numerous occasions and the medical personnel diagnosed and treated him, but Plaintiff disagrees with the treatment prescribed. Maglio v. Bhadja, 257 Fed. Appx. 234, 234 (11th Cir. 2007) (allegations that an inmate suffered back pain, sought treatment, and received some treatment, but was incorrectly diagnosed and treated constitute, at most, professional negligence and not deliberate indifference); see also Santiago v. Ringle, 734 F.3d 585, 591 (6th Cir. 2013) (when "a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a

---

[6] Pursuant to Rule 10(c), exhibits attached to a Complaint are considered as part of the Complaint and in the event of a conflict between the complaint and an exhibit, the exhibit prevails. Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

degree of incompetence which does not rise to the level of a constitutional violation") (citation omitted). At best, the medical personnel at the jail are guilty of negligence in diagnosing how to treat Plaintiff's conclusory allegation of pain – which Plaintiff does not link to a serious medical condition.

In sum, the allegations in the second amended complaint indicate that Plaintiff was seen frequently, prescribed Motrin for pain on one occasion, and was told by medical personnel that his complaints did not qualify for chronic pain management. Todd v. Bigelow, 497 F. App'x 839, 842 (10th Cir. 2012) ("[A] difference of opinion with the medical staff as to the optimal pain-management regimen does not amount to deliberate indifference."); Jacobs v. McVea, Case No. 14-552, 2014 U.S. Dist. LEXIS 87113, at *7 (E.D. La. June 25, 2014) (prisoner has no right to be prescribed a particular medication for pain and plaintiff's dissatisfaction with the over-the-counter pain medication "and the fact that he disagrees with the prison medical staff concerning which pain medication is appropriate is not actionable under § 1983."). The fact that Plaintiff "desired [a] different mode[] of treatment" does not establish deliberate indifference. See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). Plaintiff's allegations do not establish that he has a serious medical condition that requires pain medication, or that the ordering Motrin was inadequate medical care. The Court warned Plaintiff in its December 16, 2020 Order that he had to provide specifics and he has failed to do so.

### III. Conclusion

For the reasons outlined above, the amended complaint will be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A through an Order that will issue alongside this Memorandum Opinion.

Entered this ___15th___ day of _____April_____ 2021.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge